**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

John Griffin

v. Case No. 25-cv-343-SM-AJ

State of New Hampshire

## REPORT AND RECOMMENDATION

Before the court is self-represented Petitioner John Griffin's 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus (Doc. No. 1), and Petition Addenda (Doc. Nos. 6, 7, 10-1215, 19, 20),[1] filed while he was incarcerated at the Merrimack County House of Corrections ("MCHC") in pretrial detention. The matter is before the undersigned magistrate judge to determine whether the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 cases); LR 4.3(d)(4). Also before the undersigned for consideration are several motions (Doc. Nos. 5, 8, 13, 14, 16) Mr. Griffin filed in this case.

## § 2254 Rule 4 Review Standard

A judge is required to examine a petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." § 2254 Rule 4. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The court

[1] The court construes Mr. Griffin's Petition (Doc. No. 1) and Petition Addenda (Doc. Nos. 6, 7, 10-1215, 19, 20), in the aggregate, as the Petition in this case for all purposes.

construes Mr. Griffin's pleadings liberally, in light of his self-representation. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

In his Petition, Mr. Griffin challenged the constitutionality of his pretrial detention under N.H. Rev. Stat. Ann. § 597:2, III(a). When Mr. Griffin filed the Petition, he was in pretrial detention, awaiting trial on a criminal case then pending in the New Hampshire Superior Court, State v. Griffin, No. 217-2024-CR-1486 (N.H. Super. Ct., Merrimack Cty.). Since filing this case, Mr. Griffin has been sentenced in the criminal case, and transferred to the New Hampshire State Prison for Men to serve his sentence.[2]

## Discussion

As noted above, When Mr. Griffin filed this petition, he was in pretrial detention at the MCHC. After filing this Petition, Mr. Griffin was convicted and sentenced in his state court criminal case, and was transferred to the N.H. State Prison to serve the sentence imposed in that case. Petitioner's conviction moots his claims challenging the constitutionality of his pretrial detention. "If a petitioner 'is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted.'" Gonzales v. United States, 765 F. App'x 420, 421 (10th Cir. 2019) (citation omitted). Accordingly, the district judge should dismiss Mr. Griffin's Petition as moot.

---

[2] The court ascertained Mr. Griffin's present location from the New Hampshire Department of Corrections online Inmate Locator. See https://business.nh.gov/inmate_locator/ (last visited Sept. 15, 2026). Mr. Griffin did not notify the court of his change of address. Mr. Griffin is advised that this court's local rules require that he notify the court in writing of any change of address, and that his failure to do so renders him "not entitled to notice." LR 83.6(e).

Certificate of Appealability[3]

When the district court denies a habeas petition filed by a state inmate on procedural grounds without reaching the underlying constitutional claims, a Certificate of Appealability ("COA") should issue when the inmate shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); see also 28 U.S.C. § 2253(c)(2). Here, Mr. Griffin has not made any substantial showing of the denial of a constitutional right, and reasonable jurists would not debate the mootness of Mr. Griffin's claims. Accordingly, a COA is properly denied in this case.

**Conclusion**

For the foregoing reasons, the district judge should: (1) dismiss the § 2241 petition (Doc. No. 1) in its entirety; (2) decline to issue a certificate of appealability; (3) deny the pending motions in this case as moot; and (4) direct the Clerk to enter judgment and close this case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st

[3]See Winburn v. Nagy, 956 F.3d 909, 912 (6th Cir. 2020) ("The circuit courts speak as one in their holdings that the language of [28 U.S.C.] § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254."). But cf. Gonzalez v. Justices of Mun. Ct., 382 F.3d 1, 12 (1st Cir. 2004) ("Where, as here, a habeas petition is governed by section 2241, a certificate of appealability is not essential."), vacated on other grounds, 544 U.S. 918 (2005), reinstated, 420 F.3d 5 (1st Cir. 2005).

Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

Andrea K. Johnstone
United States Magistrate Judge

September 15, 2026

cc: John Griffin, pro se